IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>OGDEN CITY MAYOR MICHAEL CALDWELL, et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:15-cv-0059-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

This matter was referred to the Court for review of Plaintiff David Q. Webb's ("Mr. Webb") in forma pauperis application. (Dkt. 1.) Mr. Webb's Complaint seeks damages from the Ogden City Mayor and other individuals for allegedly failing to adequately protect Mr. Webb from a third party who threatened him. For the reasons set forth below, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's suit without prejudice under 28 U.S.C. § 1915(e)(2) and **DENY** the application to proceed in forma pauperis. This Court further **RECOMMENDS** the District Court order Plaintiff to show cause why he should not be placed on the list of restricted filers; barring him from proceeding pro se and in forma pauperis in the District of Utah without first being granted leave of court as described below.

## ANALYSIS

**I.     Plaintiff's Complaint fails to state a cognizable claim.**

If the Court determines an in forma pauperis ("IFP") action is frivolous or malicious, or fails to state a cognizable claim, it "shall dismiss the case at any time . . . ." 28 U.S.C. § 1915(e)(2). "Leave to proceed without prepayment of fees and costs is a privilege, not a right." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Nonetheless, the Court interprets Plaintiff's Complaint liberally because he proceeds pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

   a.  **Section 1983 claim**

Despite its 42-page length, Mr. Webb's Complaint fails to state a viable claim upon which relief could be granted. Mr. Webb brings a claim under 42 U.S.C. § 1983[1] against Ogden City Mayor Michael Caldwell and other various municipal employees. Mr. Webb asserts that these individuals failed to take any action to prevent harm to Mr. Webb from his acquaintance, George F. Renty.[2] Mr. Webb alleges that Mr. Renty made profanity-laced threats against Mr. Webb's life while both men were at the Ogden City Golden Hours Senior Center ("Ogden Senior Center"). (Compl. at 9–11.) Mr. Webb alleges that an Ogden Senior Center employee told Mr.

---

[1] Mr. Webb also lists several other legal provisions hoping yet again that the Court will act as his advocate and apply the general facts he outlines to the legal provisions he lists. As Mr. Webb has been repeatedly warned, the Court will not do so. *See Webb v. Swensen et al.*, No. 14-148 (D. Utah) (order adopting report and recommendation filed March 2, 2015); *Webb v. Warren*, No. 14-173 (D. Utah) (order denying motion for service of process filed April 1, 2015.)

[2] Mr. Webb previously represented to the Court that he associated with Mr. Renty. (*Webb v. Swensen et al.*, No. 14-148, Docket No. 3, at 9–10 (D. Utah filed Nov. 19, 2014).) That relationship has apparently soured.

Renty that he could not "get" Mr. Webb on Ogden Senior Center property, "so wait to get him in the Street." (*Id.* at 11.) Mr. Webb alleges that the same employee attempted to work out an agreement with Mr. Webb that could allow both men to continue to use the Ogden Senior Center peacefully, but Mr. Webb refused to reach such an agreement. (*Id.* at 12–13.) Mr. Webb alleges that he attempted to obtain a temporary stalking injunction against Mr. Renty, but was unsuccessful because the address provided for Mr. Renty was insufficient to allow for service of the injunction. (*Id.* at 16–17.) In sum, Mr. Webb appears to allege that the Defendants have wronged him by not having Mr. Renty arrested or served with a stalking injunction.

As Mr. Webb should be aware, from the Court's previous order denying service in *Webb v. Swensen et al.*, No. 14-148 (D. Utah filed Nov. 19, 2014), this lack of arrest is not actionable by Plaintiff. The Supreme Court has repeatedly held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 (2005) (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)). The *Gonzales* Court held that, for the same reasons, a citizen also lacks a constitutional right to enforcement of a restraining order. *Id.* at 768; *see also Phillips v. Kerns*, 483 F. App'x 400, 402 (10th Cir. 2012) (finding "no right under the Due Process Clause, either procedural or substantive, to have the police . . . arrest some third party."). Thus, Mr. Webb's Complaint does not state a viable claim for relief because he has no right to have Mr. Renty arrested, nor does Mr. Webb have a constitutional right to have the stalking injunction enforced.

b.  **Remaining claims**

Mr. Webb's Complaint also lists various legal provisions and theories of recovery without any associated factual detail. Rather than connect the listed theories to any specific facts, Mr. Webb invites the Court to refer generally to the other facts alleged throughout his Complaint.

Given the absence of any detail in the remaining causes of action, the Court refrains from speculating about which legal rights Plaintiff intended to implicate.  *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out" a pro se "plaintiff's complaint or construct a legal theory" on such plaintiff's behalf.) This is not the first time the Court has declined Mr. Webb's invitation to sift through such a list. *See Webb v. Swensen et al.*, No. 14-148 (D. Utah) (order adopting report and recommendation filed March 2, 2015); *Webb v. Warren*, No. 14-173 )(D. Utah) (order denying motion for service of process filed April 1, 2015.) Accordingly, this Court **FURTHER RECOMMENDS** the District Court **DISMISS** Plaintiff's remaining causes of action and **DENY** Plaintiff's motion to proceed in forma pauperis[3] for failure to state a claim on which relief may be granted.

### I. Plaintiff should be ordered to show cause why his ability to file in forma pauperis should not be restricted in the District of Utah.

Next, the Court notes that Mr. Webb has filed a number of lawsuits not only in the District of Utah, but many other federal districts.[4] These cases have not been successful and appear to be getting more frequent, particularly in the District of Utah. The federal courts have afforded Mr. Webb all benefits of the doubt for years in a multitude of cases. In light of this history and Mr. Webb's current behavior, the Court recommends the District Court restrict Mr. Webb's ability to proceed in forma pauperis in the District of Utah.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Injunctions restricting further filing may be entered where

---

[3] *See Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 786–88 (10th Cir. 2010) (affirming denial of in forma pauperis application for failure to state a claim).

[4] A court may take judicial notice of judicial proceedings in other courts. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).

three conditions are met: "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.*

### a. Mr. Webb's federal pro se history in other federal judicial districts

Mr. Webb has a significant pro se litigation history across the nation. The Court will detail this history by year starting with judicial districts outside of Utah and then address the cases in this District.

1. *2000*

Mr. Webb filed two cases in the Western District of South Dakota in 2000: *Webb v. Holloway*, No. 00-5016 (W.D.S.D. filed Feb. 15, 2000), and *Webb v. Pennington County Commissioners, et al.*, No. 00-5017 (W.D.S.D. filed Feb. 18, 2000). *Holloway* was a habeas corpus petition coupled with a class action lawsuit against the guards at Pennington County Jail where Mr. Webb was then incarcerated. *Holloway* was dismissed for failure to exhaust state remedies. Mr. Webb's three motions to reconsider were denied. The case was appealed unsuccessfully. *See Webb v. Holloway*, No. 00-4059 (8th Cir. filed Apr. 26, 2001). Next, *Pennington* was dismissed after Mr. Webb deliberately failed to comply with an order to attend his own deposition. The Eighth Circuit affirmed that dismissal and the Supreme Court denied certiorari. *See Webb v. Pennington Cnty. Bd. of Comm'rs.*, 88 F. App'x 983 (8th Cir. 2004); *Webb v. Pennington Cnty. Bd. of Comm'rs*, 543 U.S. 889 (2004).

2. *2008*

Next, in 2008 Mr. Webb filed a case against his former attorney seeking over $800,000 for alleged violations of the "United States Constitution and the Declaration of Independence." *Webb v. Greenspun*, No. 08-1128 (E.D. Va. filed Oct. 28, 2008). Mr. Webb alleged that his former

attorney failed to seek or obtain expungement of a rape charge after Mr. Webb was acquitted of the charge. The case was dismissed pursuant to 28 U.S.C. § 1915 as frivolous.

The same year Mr. Webb filed a personal injury against an eatery and several of its employees alleging the employees assaulted and defamed Mr. Webb after he made several attempts to socialize with a female employee. *Webb v. Olive Garden Italian Restaurants/Darden Restaurants et al.*, No. 08-4913 (N.D. Cal. filed Oct. 28, 2008). Defendants filed a successful motion to dismiss. Mr. Webb's appeal to the Ninth Circuit was unsuccessful. *Webb v. Olive Garden Italian Restaurants, et al.*, No. 09-17512 (filed Mar. 10, 2010).

Mr. Webb also filed suit in the District of Hawaii seeking over $700,000 in damages for alleged violations of consumer protection laws and gross negligence on the part of various individuals involved in selling Mr. Webb a used car. *Webb v. Onizuka et al.*, No. 08-487 (D. Haw. filed Oct. 28, 2008). The case was dismissed on motion. The Ninth Circuit affirmed dismissal and the Supreme Court denied certiorari. *See Webb v. Onizuka*, 384 F. App'x 608, 609 (9th Cir. 2010); *Webb v. Onizuka*, 131 S. Ct. 650, 178 L. Ed. 2d 488 (2010).

    3. <u>2009</u>

In 2009, Mr. Webb filed a lawsuit against the middle school he attended in 1974. *Webb v. Warner Middle School et al.*, No. 09-432 (D. Del. filed June 10, 2009.) Mr. Webb sought over $1,000,000 for alleged personal injury and a "fraudulent cover-up" related to an assault he claims he suffered at the hands of a "known gang member student" who broke Mr. Webb's nose. The case was dismissed on motion based on expiration of the statute of limitations. The Third Circuit summarily dismissed Mr. Webb's appeal under 28 U.S.C. § 1915(e)(2)(B). *See Webb v. Warner Middle School et al.*, No. 09-3209 (3d Cir. filed July 31, 2009).

The following day Mr. Webb filed a suit against another of his former schools seeking over $1,000,000 in damages for personal injuries and a "fraudulent cover-up" stemming from an incident that occurred on May 16, 1981. *Webb v. Perkiomen School, et al.*, No. 09-2640 (E.D. Pa. filed June 11, 2009). Mr. Webb alleged that he was severely injured when he was pushed through a "double plated-glass" window and that the school improperly attempted to cover up the incident. This case was also dismissed on motion based on the statute of limitations and the Third Circuit summarily dismissed Mr. Webb's appeal pursuant to 28 U.S.C. 1915(e)(2)(B). *See Webb v. Perkiomen School*, No. 09-3208 (3d Cir. filed July 31, 2009).

4. *2010*

In 2010 Mr. Webb sued a South Dakota judge that had previously sentenced Mr. Webb after a jury convicted him of eluding a police vehicle and reckless driving. *Webb v. Kern et al.*, No. 10-5008 (D.S.D. filed Feb. 2, 2010). Mr. Webb sought to vacate his conviction and also sought monetary damages. The case was dismissed prior to service under 28 U.S.C. § 1915(e)(2) because it was filed after the statute of limitations expired. In dismissing the case, the court noted that Mr. Webb had exhibited a lack of candor regarding negative facts. *Id.* (order filed March 9, 2010). The Eighth Circuit summarily affirmed Mr. Webb's appeal and the Supreme Court denied certiorari. *See Webb v. Kern et al.*, No. 10-1681 (8th Cir. filed Mar. 25, 2010).

b.  **Mr. Webb's federal pro se history within the District of Utah**

In 2008 Mr. Webb filed a claim in the District of Utah against several defendants alleging medical malpractice and seeking over $1,500,000. Compl., *Webb v. Claimetrics et al.*, No. 08-842 (D. Utah filed Oct 31, 2008). Webb also alleged that someone at Express Personnel Services caused him "distress by alleging sexual harassment throughout the business and legal communities within Utah . . ." *Id.* Judge Waddoups adopted the report and recommendation dismissing that case pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim, and

alternatively as a sanction for misrepresentations to the court. *Id.* (order filed Dec. 7, 2009). Mr. Webb appealed. The Tenth Circuit affirmed dismissal on the basis of the misrepresentation sanction alone. *Webb v. Claimetrics Mgmt., LLC*, 412 F. App'x 107, 109 (10th Cir. 2011).

At first blush it would not seem fair to mention *Liberty Acquisitions Services, LLC v. Webb*, but a closer inspection reveals that Mr. Webb attempted to remove a debt collection action filed against him in state court. No. 13-154 (D. Utah filed Oct. 30, 2013). That matter was remanded to the state court after the plaintiff filed a successful motion for remand.

Finally, Mr. Webb has filed the follow cases in the District of Utah that are still pending. The Court prefers to comment as little as possible on matters pending in the District of Utah, but notes the increase in filings from Mr. Webb starting in late 2014:

*Webb v. Weber County Government et al.*, No. 11-128 (D. Utah filed Aug. 23, 2011).

*Webb v. Swenson et al.*, No. 14-148 (D. Utah filed Nov. 19, 2014)

*Webb v. Warren et al.*, 1:14-cv-173 (D. Utah filed Dec. 30, 2014

*Webb v. Washington et al.*, No. 14-174 (D. Utah filed Dec. 31, 2014)

*Webb v. Smith et al.*, 15-213 (D. Utah filed Apr. 1, 2015)

*Webb v. Smith et al.*, No. 15-49 (D. Utah filed Apr. 7, 2015)

Finally, Mr. Webb submitted his application to proceed in forma pauperis in this case on April 14, 2015. The present matter suffers from the defects described, *supra*.

### c.  Cases in which Mr. Webb has demonstrated lack of candor

Mr. Webb has also demonstrated a lack of candor in prior filings. In 2008, Mr. Webb's medical malpractice case was dismissed as a sanction for misstatements Mr. Webb made to the court regarding his state of residence. *Webb v. Claimetrics et al.*, No. 08-842 (D. Utah order filed Dec. 7, 2009). Mr. Webb appealed to the Tenth Circuit, which affirmed dismissal as a sanction

for Mr. Webb's misrepresentation.[5] *Webb v. Claimetrics Mgmt., LLC*, 412 F. App'x 107, 109 (10th Cir. 2011).

In 2010, a court in the District of South Dakota noted that Mr. Webb lacked candor regarding negative facts. *Webb v. Kern et al.*, No. 10-5008 (D.S.D. order filed March 9, 2010).

More recently, this Court discovered that Plaintiff's factual allegations were not borne out by videographic evidence. Mr. Webb alleged that an officer who arrested him admitted to a second responding officer that the first officer had "nothing" on Plaintiff. *See Webb v. Weber Cnty. et al.*, No. 11-128 (D. Utah Oct. 14, 2014) (report and recommendation, adopted Mar. 18, 2015). Plaintiff also alleged that the second responding officer said of the other officers "these guys do whatever they want." *Id.* The incident at issue was video recorded, including sound. That video did not contain the statements alleged by Plaintiff. *See id.*

As the cases above demonstrate, Mr. Webb has been "given the privilege of proceeding in forma pauperis in many cases, but he abused that privilege." *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994). "When a litigant abuses these privileges, filing restrictions are appropriate." *Id.* Unfortunately, Mr. Webb's filing history demonstrates a negative trajectory. Mr. Webb has increased the frequency of his filings and demonstrated that he is willing to be less than candid if it furthers his litigation objectives. Mr. Webb's lawsuits have already resulted in a substantial amount of time lost by the various courts hearing these matters. Further, these cases also financially strain the defendants who have had the misfortune to cross Mr. Webb's path. Based on the foregoing, the Court concludes that Mr. Webb has abused his privilege to proceed pro se and in forma pauperis.

---

[5] The case had been dismissed alternatively for failure to state a claim.

**d. Recommended restrictions**

For the above-stated reasons, the Court finds that allowing Mr. Webb to make additional pro se filings under the in forma pauperis statute would be an abuse of that law. The Court recommends the following restrictions on Mr. Webb's future pro se filings with this Court:

1. The Clerk of the Court will collect any new civil complaint submitted by Mr. Webb in a case in which he seeks to proceed in forma pauperis and forward it to a magistrate judge for review.

2. The magistrate judge will review the complaint to determine whether it is meritless, duplicative, malicious, or frivolous.

3. If the magistrate judge determines the complaint lacks merit, duplicates prior filings, is malicious, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for final review.

4. If on review the Chief District Judge determines the complaint has merit, it will be filed. Otherwise, it will be returned to Plaintiff without filing.[6]

The Court is cognizant of its duty to narrowly tailor any proposed restrictions. In light of this duty, the restrictions described above do not apply to any case in which Mr. Webb pays the ordinary filing fee to initiate a case or has an attorney representing him. Mr. Webb has not shown a propensity for abusive court filings in this capacity. Nonetheless, Mr. Webb is warned that his status may become further restricted if he abuses his remaining filing privileges.

1. *Procedure to oppose restrictions*

If the District Court adopts this report and recommendation, Mr. Webb shall have 10 days to file a written opposition to these restrictions demonstrating that there is good reason for the Court to not impose the restrictions described. If Mr. Webb does not file an opposition, the sanctions shall take effect 20 days from the date of the order adopting the report and

---

[6] These restrictions are consistent with prior practice in this District. *See Werner v. State of Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994) (cited with approval in *Adkins v. Kansas Comm'n on Judicial Qualifications*, 510 F. App'x 700 (10th Cir. 2013)); *McEntire v. Newman*, 13-362 (D. Utah Dec. 5, 2013) (order adopting report and recommendation)

recommendation. *Cf. Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007) (imposing similar deadlines to respond to order for filing restrictions).

Thus, the Court **RECOMMENDS** Plaintiff David Q. Webb be ordered to show cause why he should not be placed on the list of restricted filers; barring him from proceeding in forma pauperis in the District of Utah without first being granted leave of court as described above.

## II.     RECOMMENDATIONS

For the reasons stated above, the Court **RECOMMENDS** the District Court:

**DISMISS** without prejudice Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2);

**DENY** Plaintiff's motion to proceed in forma pauperis in this case; and

**ORDER** Plaintiff David Q. Webb to show cause within 10 days why he should not be placed on the list of restricted filers in the District of Utah.

Copies of the foregoing report and recommendation are being sent to Plaintiff who is hereby notified of his right to object.  Within **fourteen (14) days** of being served with a copy, Mr. Webb may serve and file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

If the District Court adopts this report and recommendation, Plaintiff must show cause why the filing restrictions described above should not be entered within **ten (10) days** of the District Court's order. If Mr. Webb does file any opposition to the order adopting this report and recommendation, the sanctions shall take effect 20 days from the date of the order adopting the report and recommendation.

Dated this 28th day of April, 2015.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge