# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| **DAVID WEBB,** <br><br>                    Plaintiff, <br> vs. <br><br> **OGDEN CITY MAYOR MICHAEL CALDWELL, et al.** <br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:15-cv-00059-DAK |

       The Tenth Circuit Court of Appeals remanded the District Court's order denying Plaintiff David Webb's in Forma Pauperis (*ifp*) motion because the Court should have first addressed whether it would be futile to allow the Plaintiff to amend his complaint.

       In addition to determining whether the proposed amended complaint would be futile, the court has ordered Plaintiff Webb to show cause why he should not be placed on a restrictive filers list because of his repeated abuse of the legal system. Plaintiff Webb has responded to this request and the court now must determine whether placing restrictions on Webb's ability to file *ifp* in the District of Utah is warranted.

## BACKGROUND

       Plaintiff David Webb, acting pro se, instigated this case on April 14h, 2015 when he filed a Motion to Proceed in Forma Pauperis. Webb's Motion was referred to Magistrate Judge Dustin Pead. Judge Pead reviewed both Webb's motion to proceed in forma pauperis and the Complaint that was proposed to be filed with the court if his Motion were granted. On April 28, 2015, Judge Pead issued a Report and Recommendation that the court: 1) dismiss Webb's proposed Complaint without prejudice

pursuant to 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief may be granted; 2) deny Webb's motion to proceed in forma pauperis; and 3) order Webb to show cause why he should not be placed on the list of restricted filers in the District of Utah.

On August 25th, 2015 Webb filed a Second Amended Complaint raising additional facts and adding an additional federal cause of action for violations of 28 U.S.C. 1343, and an additional state law claim for Libel and Slander. On September 8th, 2015 the District Court adopted Magistrate Judge Pead's Report and Recommendation in full without first addressing whether it would be futile to consider Webb's amended complaint. The United States Court of Appeals for the Tenth Circuit found that the District Court committed error in adopting Magistrate Judge Pead's Report and Recommendation without first determining whether it would be futile to allow Webb to amend his complaint. This case has been remanded to the District Court in order to determine whether allowing the proposed amended complaint would be futile.

The court must also address whether filing restrictions should be imposed on Webb due to his repeated abuse of the legal system.

**DISCUSSION**

**I.	Plaintiff's Complaint fails to state a cognizable claim.**

Magistrate Judge Pead's Report and Recommendation provides a detailed analysis of the importance for a complaint to explain against whom the claim is asserted and state what harm was suffered, or how the individual's legal rights were violated. Mr. Webb has been directed on multiple occasions and in multiple lawsuits to amend his complaints in order to address how the specific facts of his case related to the causes of actions asserted, to explain what harm he suffered, and what legal rights were violated. Mr. Webb has repeatedly ignored requests to make the required changes.

Whenever the court authorizes a party to proceed under the IFP statute, it is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on

which relief may be granted or if the claim is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i-ii); *Buchheit v. Green,* 705 F.3d 1157, 1160 (10th Cir. 2012). In determining whether a complaint fails to state a claim for relief under § 1915(e)(2)(B)(ii) of the IFP statute, the court employs the same standard as utilized when analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6). Under that standard, the court "looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)).[1]

The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims where the factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Mr. Webb's Proposed Second Amended Complaint supplies additional information and legal claims, but fails to cure the deficiencies that were present in his prior complaints. The added information in the proposed amended complaint consists primarily of an unsupported listing of legal terms and phrases without providing factual support. The proposed amended complaint fails to state a claim for which relief can be granted for precisely the same reasons as the original complaint.

Plaintiff's amended complaint raises an additional federal cause of action claiming his rights were violated under 28 U.S.C. 1343, by the defendants conspiring to ensure that Webb would be legally trespassed off the property. Mr. Webb simply states that the defendants conspired to violate his rights by whispering to each other saying "we must make sure we get him this time, so he won't be able to get

---

[1] In undertaking its analysis of whether it would be futile to allow Mr. Webb to amend his complaint, the court is mindful that Mr. Webb is proceeding pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g. Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

out of it." Even if the court accepts these facts as true, there would be no legal basis for relief. There cannot be an illegal conspiracy when none of the acts that are alleged to be conspired are illegal.

Webb's proposed additional libel and slander claims must also be dismissed for failure to state a claim. Webb alleges that the defendant knowingly gave false information to the Ogden City Police Department. The complaint boldly states that nearly all the information given to the police department was false. Webb does not state which statements were untrue and this claim is therefore nothing more than a frivolous legal conclusion that warrants dismissal.

The additional legal claims and factual recitations fail to plausibly state a claim for which relief can be granted. The reasoning for dismissing the previous complaint set forth in Magistrate Judge Pead's Report and Recommendation applies to the proposed amended complaint. The additional facts and legal causes of actions do nothing to save the complaint from being dismissed. Allowing Webb to amend his complaint in order to add additional conclusory allegations would be futile and the amended complaint would be dismissed for the same reasons as the original complaint. The allegations alleged in the complaint lack a basis for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

II. **Plaintiff is to be placed on the restricted filers list in order to restrict his ability to file in forma pauperis lawsuits.**

Magistrate Judge Pead filed a Report and Recommendation ordering Webb to show cause why his ability to file in forma pauperis should not be restricted in the District of Utah. District Court Judge Shelby adopted the Report and Recommendation in full and ordered Webb to show cause within 10 days why he should not be placed on the restrictive filers list. Webb responded to the order. The order to show cause was not appealed to the 10th Circuit and was not included in the 10th Circuits reversal.

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *See Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting

further filing may be entered where three conditions are met: "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir. 2007).

Mr. Webb has filed a number of lawsuits not only in the District of Utah, but many other federal districts.[2] Magistrate Judge Pead's Report and Recommendation provides a detailed analysis of Webb's lengthy and abusive filing history. Mr. Webb has been given the privilege of proceeding in forma pauperis in many cases, but he abused that privilege. "When a litigant abuses these privileges, filing restrictions are appropriate. *See Werner v. State of Utah,* 32 F.3d 1446, 1447 (10th Cir. 1994). Unfortunately, Mr. Webb's filing history demonstrates a negative trajectory. Mr. Webb has increased the frequency of his filings and demonstrated that he is willing to be less than candid if it furthers his litigation objectives. Mr. Webb's lawsuits have already resulted in a substantial amount of time lost by the various courts hearing these matters. Further, these cases also financially strain the defendants who have had the misfortune to cross Mr. Webb's path.

Mr. Webb's response to being placed on a restricted filers list primarily contains accusations of Magistrate Judge Pead not being impartial. After independent review, the court believes that Magistrate Judge Pead's Report and Recommendations were legally sound, that it was proper for Magistrate Judge Pead not to recuse himself, and Mr. Webb was not prejudiced. After careful review of Webb's response to the order to show cause and also his lengthy and abusive history for filing frivolous claims, the court finds that Webb has abused the *ifp* filing process and restrictions on Webb's ability to file future pro se filings are appropriate. The Court orders the following filing restrictions on Webb's future pro se filings with the court:

---

[2] A court may take judicial notice of judicial proceedings in other courts. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).

    a. The Clerk of the Court will collect any new civil complaint submitted by Mr. Webb in a case in which he seeks to proceed in forma pauperis and forward it to a magistrate judge for review.

    b. The magistrate judge will review the complaint to determine whether it is meritless, duplicative, malicious, or frivolous.

    c. If the magistrate judge determines the complaint lacks merit, duplicates prior filings, is malicious, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for final review.

    d. If on review the Chief District Judge determines the complaint has merit, it will be filed. Otherwise, it will be returned to Plaintiff without filing.

The Court is cognizant of its duty to narrowly tailor any proposed restrictions. In light of this duty, the restrictions described above do not apply to any case in which Mr. Webb pays the ordinary filing fee to initiate a case or has an attorney representing him. Mr. Webb has not shown a propensity for abusive court filings in this capacity. Mr. Webb will still be entitled to file *ifp* lawsuits as long as he complies with these restrictions. The court believes that these restrictions will not hinder Mr. Webb's ability to file a claim under *ifp* status should the claim have merit.

## CONCLUSION

The Court finds that it would be futile to allow Plaintiff to amend his complaint because his complaint alleges nothing more than conclusory statements that his rights were violated without attempting to explain how his rights were violated in a legally cognizable way. Even when defendant alleges specific facts and the court accepts them as true, there is no violation of an alleged federal right. Mr. Webb asserts no additional facts which would correct the deficiencies in his complaint. Accordingly, the court finds that granting Mr. Webb's Motion to Leave to File Second Amended Complaint would be futile and the court therefore hereby DENIES the Plaintiff's Motion for Leave to File Second Amended Complaint and DISMISSES WITH PREJUDICE Plaintiff's Complaint.

The Court also adopts the proposed filing restrictions issued in Magistrate Judge Pead's Report and Recommendation. The restrictions to be placed on Webb's future filings are outlined above.

DATED this 5th day of August, 2016.

        BY THE COURT:

        _____
        DALE A. KIMBALL
        United States District Judge